IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **NOREEN WAKE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-12-1510 |
| **NATIONAL RAILROAD PASSENGER** | * | |
| **CORPORATION d/b/a AMTRAK,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") Motion for Sanctions, ECF No. 22; Plaintiff Noreen Wake's Opposition, ECF No. 23; and Defendant's Reply, ECF No. 24. I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion for Sanctions is GRANTED. Plaintiff shall appear for her deposition no later than March 29, 2013, unless Defendant agrees to another date, in which case that date will be binding. Additionally, having stated that Plaintiff has "elected" not to file her Federal Rule of Civil Procedure 26(a)(2) disclosures, Plaintiff is hereby precluded from offering on a motion, at a hearing, or at trial any evidence from a witness for whom Rule 26(a)(2) disclosures[1] are required, including all expert witnesses who may present evidence under Federal Rule of Evidence 702,

---

[1] It is not Plaintiff's choice whether to make the disclosures required by Fed. R. Civ. P. 26(a)(2) regarding expert testimony. Those disclosures are mandatory, and nowhere in the record does it appear that Plaintiff sought and obtained a Court Order excusing her from doing so.

703, or 705, and all hybrid witnesses for whom a disclosure is *required* under Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 37(c)(1).

Additionally, Defendant's request for attorney's fees and costs incurred in filing the present Motion for Sanctions is GRANTED, and these fees and costs are to be paid by Plaintiff's attorney, not by Plaintiff. Defendant is ORDERED to file an itemization of fees and costs associated with preparing the present Motion for Sanctions no later than March 29, 2013. Plaintiff may file any objections no later than April 12, 2013. Defendant may file a response to Plaintiff's objections, if any, no later than April 19, 2012. Defendant is directed to refer to Appendix B of this Court's Local Rules, which provides rules and guidelines for determining attorney's fees in cases such as this. Appendix B is available on the Court's website at http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.

## I. BACKGROUND

Plaintiff's claim against Defendant sounds in negligence. *See* Compl., ECF No. 1. Specifically, Plaintiff alleges that due to Defendant's negligent failure to provide a step stool to passengers while disembarking a train car, Plaintiff fell onto the train tracks while stepping from the final step of the train down to the train platform, resulting in "serious and permanent injuries." *Id.* at 4. During the course of discovery, a number of disputes arose between the parties and the case was referred by the Judge previously assigned to the case to Magistrate Judge Schulze to resolve all discovery issues. *See* Docket.

On June 20, 2012, Defendant served Plaintiff its First Set of Requests for Documents and on June 26, 2012, Defendant served Plaintiff its First Set of Interrogatories. Def.'s Mot. 5. Plaintiff failed to respond to Defendant's discovery requests. *Id.* Subsequently, on September 5, 2012, Defendant filed a Motion to Compel, ECF No. 10. Judge Schultz granted Defendant's

Motion and ordered Plaintiff "to provide complete discovery responses by October 19, 2012." Sept. 24, 2012 Paperless Order, ECF No. 14. Thereafter, Plaintiff filed a Motion for Extension of Time to file her Rule 26(a)(2) disclosures, ECF No. 17. In its Opposition to Plaintiff's Motion for Extension of Time, Defendant argued that permitting the extension of time would result in prejudice to the Defendant, especially in light of the fact that Plaintiff already had multiple opportunities to file her disclosures, yet failed each time to do so in a timely fashion. Def.'s Opp'n to Pl.'s Mot. for Extension of Time 6–8, ECF No. 18. Judge Schulze held a telephone hearing on November 27, 2012 to discuss these issues and during that hearing, Defendant also complained that Plaintiff had not responded to its requests to schedule Plaintiff's deposition. On November 27, 2012, Judge Schulze granted Plaintiff's Motion for Extension of Time, and instructed Plaintiff to provide Defendant with deposition dates no later than November 30, 2012, and to provide to Defendant her Rule 26(a)(2) disclosures by December 7, 2012. Nov. 27, 2012 Paperless Order, ECF No. 20. Judge Schulze also extended the discovery deadline to February 5, 2013. *Id.*

Currently pending is Defendant's Motion for Sanctions, ECF No. 22. In its Motion, Defendant raises three specific arguments: (1) that Plaintiff "failed to file a 26(a)(2) [d]isclosure on December 7, 2012" and failed to comply with the Court's November 27, 2012 Order requiring her to do so; (2) that Plaintiff "failed to respond to Defendant's request to depose Plaintiff on November 30, 2012 as ordered by the Court"; and (3) that Plaintiff's "answers to Interrogatories and Requests for Production of Documents are incomplete and deficient."[2] Def.'s Mot. 1–2. Defendant further argues that "Plaintiff's evasive discovery tactics . . . have cost the Parties additional time for discovery and denied Defendant a reasonable opportunity to complete

---

[2] Although Defendant seeks sanctions for Plaintiff's failure to provide "complete answers to written discovery requests" propounded pursuant to Fed. R. Civ. P. 33 and 34, a review of the record fails to provide any indication that Defendant provided specific examples of what exactly the deficiencies were and in absence of such information, the Court will not speculate.

discovery," resulting in prejudice to Defendant. *Id.* at 2. As such, Defendant requests "attorney's fees and costs for the filing of [its] motion, the prior motion to compel, and the opposition to Plaintiff's motion to extend time to file an expert disclosure." *Id.* at 9.

In opposition, Plaintiff argues that "[t]he [D]efendant has fabricated a dispute to hide the fact that it has not fully complied with [d]iscovery to this point." Pl.'s Opp'n 1. Plaintiff purports to have "followed the Court's Order and . . . complied with all requests," because (1) "[c]hoosing to file a 26(a)(2) [d]isclosure is not a mandatory Order" and "Plaintiff "elected not to file the [d]isclosure"; (2) "[D]efendant failed to follow through" with Plaintiff's alleged immediate reply to Defendant's inquiry as to a deposition date; and (3) the determination that "discovery responses are incomplete and deficient is subjective and relative to [Plaintiff]'s information, knowledge and actual possession," and therefore, "Plaintiff fully complied to the best of her ability." *Id.* at 2.

In reply, Defendant correctly points out that there "are several sections to [Rule] 26(a)(2) disclosures" and argues that Plaintiff has failed to make any of the required disclosures for either witnesses required to provide a written report (i.e., retained experts) pursuant to Rule 26(a)(2)(B), or as to any "hybrid witness," such as a treating physician, whose testimony is governed by Rule 26(a)(2)(C). Def.'s Reply 2. Defendant argues that Plaintiff has failed to make the mandatory disclosures pursuant to Rule 26(a)(2)(C) and has failed to provide a "summary of the facts and opinions to which the" treating physician is to testify. *Id.* Additionally, Defendant argues that contrary to Plaintiff's assertions, she has simply not responded to Defendant's repeated attempts to secure a deposition date and has never cured the deficiencies in her original discovery responses. *Id.* at 2–3.

## II. ANALYSIS

### A. Plaintiff's failure to appear for her deposition

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the District Court may impose just sanctions upon a party to failing to obey discovery orders. Sanctions available to the District Court include, but are not limited to:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i–vii).

The Fourth Circuit has adopted a four-part test to determine the appropriate sanctions to impose under Rule 37(b). *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977)). The District Court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson*, 561 F.2d at 504. Whatever action taken, the Court must be sure to clearly "state its reasons [for taking such action] so that meaningful review may be had on appeal." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 376 (1977).

The Court will review briefly each factor in turn. First, the record shows that during the course of the last nine months, Plaintiff has failed to respond to discovery requests, has produced deficient discovery responses, and has ignored a Court Order. *See* Def.'s Mot. 2. Specifically,

5

Plaintiff has failed to provide a date for her deposition and has repeatedly failed to provide her expert disclosures, despite having multiple opportunities to do so. *Id.* Defendant also alleges that Plaintiff has provided incomplete and deficient Rule 33 and 34 discovery responses. *Id.* Bad faith exists when, by the party's own volition, the party repeatedly fails to comply with discovery requests. *United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. Feb. 20, 1997). Thus, Plaintiff's repeated failures demonstrate "bad faith" conduct and Plaintiff has offered nothing to rebut this conclusion. *See id.* ("[The party]'s repeated refusals to comply with the Government's legitimate discovery requests, despite court orders to the contrary, evidences willful, 'bad faith' conduct."). Next, Plaintiff's refusal to provide Defendant with a deposition date prejudices Defendant's ability to establish an effective defense to Plaintiff's claims for negligence and requests for damages. Keeping in mind that the "purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," Defendant has suffered significant prejudice as a result of Plaintiff's failure to make herself available for her deposition. *See Middlebrooks v. Sebelius*, Civil No.: PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Plaintiff's testimony goes to the very heart of the case and Defendant cannot build an effective defense without it. *See Robertson v. DECO Sec., Inc.*, Civil No.: WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010). The third factor, the need for deterring this type of conduct in the future, is also easily met, as Plaintiff has demonstrated an inclination towards ignoring the Federal Rules of Civil Procedure, Discovery Guidelines of this Court, and direct Court Orders. Such conduct "undermines this Court's ability to manage this case effectively and fairly" and must be deterred. *See id. See also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989) (stating that "stalling and ignoring the direct orders of the court with impunity" amounts to "misconduct [which] must obviously be deterred"). As to the last factor, whether less drastic sanctions would be effective, the record before the Court

does not reflect that Plaintiff explicitly has been warned of the possibility of case-dispositive sanctions for her non-compliance. As such, case dispositive sanctions are not appropriate at this time. However, Plaintiff should take note that this is her warning. Plaintiff must appear for her deposition no later than March 29, 2013, unless Defendant agrees to another date, in which case that date will be binding. The failure to do so will put Plaintiff at risk for case-dispositive sanctions as outlined in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

### B. Plaintiff's failure to provide Rule 26(a)(2) disclosures

Defendant also moves for sanctions based on Plaintiff's failure to file Rule 26(a)(2) disclosures as required by the Federal Rules of Civil Procedure and Judge Schulze's November 27, 2012 Order. Def.'s Mot. 1.

Fed. R. Civ. P. 26(a)(2) requires a party to disclose "any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." And, as Defendant correctly asserts, Rule 26(a)(2) governs experts who have been specially retained for the purposes of providing an expert opinion as well as hybrid witnesses such as treating physicians, who operate as fact and expert witnesses simultaneously. Plaintiff asserts that "[c]hoosing to file a 26(a)(2) [d]isclosure is not a mandatory Order."[3] Pl.'s Opp'n 2. Plaintiff is simply incorrect. The very language of the rule indicates that the disclosures are *required* and that the disclosure *must* contain "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). The nature of these

---

[3] Specifically, Plaintiff asserts that 26(a)(2) disclosures are "more akin to a jurisdictional matter, if at all anything else. In other word [sic], if the plaintiff chooses to use an expert for a particular purpose, she must disclose pursuant to Rule 26(a)(2). If she decides otherwise, she is not required to file anything." Pl.'s Opp'n 6. This *ipse dixit* pronouncement by Plaintiff is contradicted by the clear text of Rule 26(a)(2) and Rule 37(c).

disclosures as mandatory is underscored by the text of Rule 37(c), which makes the consequence of failing to disclose as *required* by Rule 26(a) the inadmissibility of that witness's testimony, and the underlying purpose of Rule 37(c)(1): "preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Specifically, Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

And, the Court may preclude a party from introducing evidence "even if to do so is tantamount to a Fed. R. Civ. P. 37(b)(2)(C) dismissal." *One Tract of Real Prop.*, 1997 WL 71719, at *2 (citing *Rabb v. Amatex Corp.*, 769 F.2d 996, 999–1000 (4th Cir. 1985)). Notably, there are two exceptions to the general rule: (1) when the failure to disclose is substantially justified; and (2) when the nondisclosure is harmless. *See* Rule 37(c)(1); *see also S. States*, 318 F.3d at 596. In *S. States*, the Fourth Circuit articulated a "five-factor test for determining whether nondisclosure of evidence is substantially justified or harmless":

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

318 F.3d at 596 (internal quotation marks omitted). Further, the Court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis. *Id.* at 597.

Here, Plaintiff has failed to make any Rule 26(a)(2) disclosures and has explicitly stated that "[g]iven the nature of the claims, the plaintiff elected not to file the [d]isclosure." Pl.'s Opp'n 2. The *S. States* factors weigh heavily in favor of precluding Plaintiff from offering on a motion, at a hearing, or at trial the testimony of a witness for whom a Rule 26(a)(2) disclosure

was required. Although a trial date has not yet been set, in light of Plaintiff's own admission that she does not intend to file a disclosure,[4] Defendant would certainly be surprised if, at trial, Plaintiff attempted to offer the opinion testimony of any witness for whom a disclosure was required under Rule 26(a)(2)(A)–(C). It follows then, that Defendant would be completely unable to cure its surprise in advance of trial. Notably, Plaintiff's explanation for her failure to disclose the identity of these witnesses is not an explanation for her failure at all, but rather, the contention that she has elected not to "use an expert for a particular purpose" and therefore is "not required to file anything." Pl.'s Opp'n 6. Moreover, the Court is not able to discern the importance of the testimony at issue because Plaintiff has, to date, failed to identify the names and subject matter of any witness who may present evidence under Federal Rule of Evidence 702, 703, and 705. Indeed, Plaintiff has had multiple opportunities to disclose this information and has failed to do so. *See* Docket. In light of these factors, the Court finds that Plaintiff's failure to disclose as required was neither substantially justified nor harmless. Plaintiff is precluded from offering on a motion, at a hearing, or at trial any information or witness to present evidence under Federal Rule of Evidence 702, 703, or 705, for whom Rule 26(a)(2) disclosures are required. This includes Plaintiff's treating physician. *See Ace Am. Ins. Co. v. McDonald's Corp.*, Civil No.: GLR-11-3150, 2012 WL 2523883, at * (D. Md. June 28, 2012).

### C.  Defendant's request for attorney's fees

Finally, Defendant requests "attorney's fees and costs for the filing of the instant motion, the prior Motion to Compel, and the Opposition to Plaintiff's Motion to Extend the Parties' Deadline to File Rule 26(A)(2) Disclosures. Def.'s Mot. 9.

Fed. R. Civ. P. 37(a)(5)(A) provides:

---

[4] Curiously, Plaintiff sought an extension of time to file her disclosures on October 29, 2012, ECF No. 17. Plaintiff has offered no explanation for why she sought an extension of time to file her disclosures only to later assert that the disclosures were not mandatory and therefore, she had elected to not file them.

> If [a motion for an order compelling discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Additionally, Rule 37 permits a court to award reasonable attorney's fees and expenses when a party has failed to comply with a court order and when a party has failed to disclose as required by Rule 26(a). *See* Fed. R. Civ. P. 37(b)(2)(C) and 37(c)(1)(A). However, Rule 37 provides for three exceptions where an award of fees is not mandatory: if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court actions; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." None of the exceptions to Rule 37(a)(5)(A) apply here. First, the present discovery dispute has been outstanding since June 2012. Defendant has, to no avail, attempted in good faith to obtain the discovery sought without involving the Court on multiple occasions over the past nine months. *See* Def.'s Mot. 4; Def.'s July 30, 2012 Ltr., ECF No. 22-3; Pl.'s Aug. 7, 2012 E-mail, ECF No. 22-4; Def.'s Nov. 14, 2012 Ltr., ECF No. 22-5; Def.'s Oct. 25, 2012 E-mail, ECF No. 22-7. Second, Plaintiff's failure to provide a deposition date and failure to provide Rule 26(a)(2) disclosures are not substantially justified. A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citations omitted). However, to avoid the imposition of costs, "parties must sufficiently argue that they were substantially justified in their actions." *Id.* at 297 (citing *Humphreys Exterminating Co. v.*

*Poulter*, 62 F.R.D. 392, 394 (D. Md. 1974)). Plaintiff does not provide any justification, let alone substantial, as to why she has failed to provide a date for her deposition as ordered by the Court and why she has failed to provide the required Rule 26(a)(2) disclosures. Finally, no other circumstances are present that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Because none of the exceptions stated in Rule 37(a)(5)(A) apply, and because Plaintiff has failed to meet her discovery obligations, Defendant is AWARDED the reasonable expenses and fees related to the filing of the instant Motion for Sanctions. As they are not at issue here, Defendant may not recover attorney's fees and expenses for the prior Motion to Compel, ECF No. 10, and the Opposition to Plaintiff's Motion to Extend the Parties' Deadline to File Rule 26(A)(2) Disclosures, ECF No. 17. Plaintiff's COUNSEL is responsible for paying Defendant's reasonable fees and expenses incurred. *See* Fed. R. Civ. P. 37(a)(5)(A).

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions is GRANTED. Plaintiff shall appear for her deposition no later than March 29, 2013, unless Defendant agrees to another date, in which case that date will be binding. Additionally, Plaintiff is precluded from offering on a motion, at a hearing, or at trial any evidence from a witness for whom Rule 26(a)(2) disclosures are required, including all expert witnesses who may present evidence under Federal Rules of Evidence 702, 703, or 705 and all hybrid witnesses for whom a disclosure is *required* under Rule 26(a)(2)(C).

Additionally, Defendant's request for attorney's fees and costs incurred in filing the present Motion for Sanctions is GRANTED. Defendant is ORDERED to file an itemization of fees and costs associated with preparing the present Motion no later than March 29, 2013. Plaintiff may file its objection to Defendant's fee and cost assessment no later than April 12,

11

2013.  Defendant may file a response to Plaintiff's objections no later than April 19, 2012. Defendant is directed to refer to Appendix B of this Court's Local Rules, which provides rules and guidelines for determining attorney's fees in cases such as this.  Appendix B is available on the Court's website at http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.

A separate Order shall be issued concurrently with this Memorandum Opinion.

Dated: March 27, 2013                                              _____/s/_____
                                                                                        Paul W. Grimm
                                                                                        United States District Judge


mol