IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| NOREEN WAKE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: PWG-12-1510 |
| NATIONAL RAILROAD PASSENGER, CORPORATION d/b/a AMTRAK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant National Railroad Passenger Corporation d/b/a Amtrak's Motion for Summary Judgment ("Def.'s Summ. J. Mot.") and supporting Memorandum ("Def.'s Summ. J. Mem."), ECF No. 27; and Plaintiff Noreen Wake's Response ("Pl.'s Summ. J. Opp'n"), ECF No. 30. A hearing is unnecessary in this case. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion for Summary Judgment shall be DENIED without prejudice, subject to reconsideration if and when Defendant files a reply and renewal of its Motion that specifically address the issues discussed below.

### I. BACKGROUND

In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the nonmovant. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

Plaintiff is seventy-seven years old with an extensive medical history that includes numerous surgeries, heart attacks, and other serious health complications. *See* Pl.'s Resps. to

Def.'s First Set of Interrogs. ("Pl.'s First Interrog. Resps.") ¶ 1, Def.'s Summ. J. Mot. Ex. 1, ECF No. 27-2; Pl.'s Med. Recs. 1–2, Def.'s Summ. J. Mot. Ex. 2, ECF No. 27-3. On or about May 23, 2009, Defendant's train made an emergency stop after striking a deer. Wake Aff. ¶¶ 2–4, Pl.'s Summ. J. Opp'n Ex. 1, ECF No. 30-1. Defendant instructed the passengers to exit the train, requiring Plaintiff to step from the train directly to the ground three feet below. Pl.'s First Interrog Resps. ¶ 8. Plaintiff alleges that she fell as a result of Defendant's negligence, including Defendant's failure to provide a step stool to assist her in alighting from the train. *See id.* ¶ 10.

## II. STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (citations omitted). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* at 252.

To be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as could be admissible in evidence. *See* Fed. R. Civ. P.

56(c); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."). However, under Fed. R. Civ. P. 56(c)(2), as amended in 2010, facts in support of or opposition to a motion for summary judgment need not *be* in admissible form; the requirement is that the party identify facts that *could be* put in admissible form. *See Niagara Transformer Corp. v. Baldwin Techs., Inc.*, No. DKC-11-3415, 2013 WL 2919705, at *1 n.1 (D. Md. June 12, 2013) ("Importantly, 'the objection [now] contemplated by the amended Rule is not that the material "has not" been submitted in admissible form, but that it "cannot" be.'" (quoting *Ridgell v. Astrue*, No. DKC-10-3280, 2012 WL 707008, at *9 (D. Md. March 2, 2012))). The Court considers evidence related to a motion for summary judgment in the light most favorable to the non-moving party, drawing reasonable inferences in its favor. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *see George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 392 (4th Cir. 2009).

### III. DISCUSSION

To prove negligence under Maryland Law, *see Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), "a plaintiff must prove the existence of four elements: [1] a duty owed to him . . . , [2] a breach of that duty, [3] a legally cognizable causal relationship between the breach of the duty and the harm suffered, and [4] damages," *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986). Defendant seeks summary judgment on the ground that Plaintiff has not presented sufficient evidence of the applicable standard of care—that is, the nature of Defendant's duty—or that Defendant's negligence was the cause-in-fact of Plaintiff's injuries.

3

**A. Standard of Care**

Defendant argues that Plaintiff has failed to show the applicable standard of care because Plaintiff has not presented an expert to opine on the applicable standard of care and because Defendant cannot be held to the heightened duty of a common carrier under the circumstances alleged by Plaintiff. Neither of these arguments is meritorious.

Irrespective of whether Plaintiff alleges that Defendant's duty arose from internal procedures or a general duty to exercise reasonable care, this is not a case in which Defendant was negligent in providing specialized, professional services such that an expert would be necessary to demonstrate the proper standard of care. *See* Def.'s Summ. J. Mem. 12. *But cf. Schultz v. Bank of Am., N.A.*, 990 A.2d 1078, 1086 (Md. 2010) ("Where the plaintiff alleges negligence *by a professional*, expert testimony is generally necessary to establish the requisite standard of care owed by a professional." (emphasis added)). Defendant points to *Jones v. Nat'l R.R. Passenger Corp.*, 942 A.2d 1103, 1108 (D.C. 2008). However, *Jones* did not hold otherwise. In *Jones*, the District of Columbia court distinguished the case at bar from the typical case because an expert was needed to evaluate, *inter alia*, Plaintiff's physical capacity to perform certain tasks. *Id.* In contrast, the determination of when a step off of a train would be unreasonably perilous without the aid of a step stool is the sort of question "which 'jurors, as ordinary [citizens], would be aware of, as a matter of general knowledge.'" *Osunde v. Lewis*, 281 F.R.D. 250, 261 (D. Md. 2012) (quoting *Babylon v. Scruton*, 138 A.2d 375, 379 (Md. 1958)).

Finally, Defendant's assertion that, because its train failed and forced the passengers to debark and walk to another train, it was momentarily relieved from its heightened obligations as a common carrier, borders on the absurd. A common carrier "owes its passengers a duty *to*

4

*deliver them to their destination* as expeditiously as possible, consistent with safety." *Wash. Metro. Area Transit Auth. v. Seymour*, 874 A.2d 973, 977 (Md. 2005) (quoting *Todd v. Mass Transit Admin.*, 816 A.2d 930, 934 (Md. 2003) (emphasis added)); *cf. Hall v. Wash. Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 633 (D. Md. 2010) ("A common carrier's heightened duty begins when a passenger, having paid or with the intent to pay a fare, enters a station, platform, or other premises to wait to board the vehicle." (citations omitted)). Defendant asks the Court to hold that, having failed in its obligation to deliver Plaintiff expeditiously to her destination, Defendant should be held to a *less* stringent standard when requiring Plaintiff to alight from a train onto the ground than would apply if the train had arrived at its intended station. There is no possible justification for Defendant's position.

Although Plaintiff can survive summary judgment, however, her reliance on the doctrine of *res ipsa loquitur* is unfounded and cannot relieve her of the need to present evidence of Defendant's negligence at trial. *See* Pl.'s Summ. J. Opp'n 9–10. *Res ipsa loquitur* allows for an inference of negligence only in the narrow circumstance in which a party can show:

1. A casualty of a sort which usually does not occur in the absence of negligence.
2. Caused by an instrumentality within the defendant's exclusive control.
3. Under circumstances indicating that the casualty did not result from the act or omission of plaintiff.

*Dover Elevator Co. v. Swann*, 638 A.2d 762, 765 (Md. 1994) (internal quotation marks omitted) (citations omitted). Here, Plaintiff easily could have fallen in the absence of Defendant's—or anyone's—negligence, and the ground she was climbing down onto was, though likely in Defendant's right-of-way, out in the open and not under the exclusive control of Defendant. "This is not simply a case of a barrel falling from the defendant's window onto some hapless

pedestrian's head. As a result, the application of *res ipsa loquitur* [is] not appropriate." *Id.* at 774.

Plaintiff has stated, *inter alia*, that she was asked to climb down from a train car three feet above the ground, that Defendant had a duty to provide a step stool, and that Defendant did not provide a step stool. *See* Wake Aff. ¶¶ 5–14; Pl.'s First Interrog. Resps. ¶¶ 3, 4, 8. These factual contentions are sufficient to present a genuine dispute of material fact as to whether the Defendant had, and breached, some duty owed to Plaintiff.

### B. Causation

Defendant makes a much stronger case with respect to its position that Plaintiff cannot establish a prima facie case for negligence because, in light of her many health problems, "Plaintiff cannot prove medical causation without medical testimony." Def.'s Summ. J. Mot. 1. Although Plaintiff has not contested Defendant's view of the facts, she has raised several procedural objections to the manner in which those facts were presented. *See* Pl.'s Summ. J. Opp'n 5–7. Because Defendant has not exercised its right to reply to Plaintiff's Opposition, I cannot determine what facts are established or legitimately contested with respect to causation, and therefore cannot grant summary judgment on the record before me.

First, Defendant relies heavily on Plaintiff's medical records for her medical history and the injuries she reported following her fall. *See* Def.'s Summ. J. Mem. 2–3, 8–9; Def.'s Summ. J. Mot. Exs. 2–3. Plaintiff has objected that "[t]he materials submitted by Defendants cannot be included because the Court cannot assume that they are authentic." Pl.'s Summ. J. Opp'n 5. Even though the 2010 amendments to Fed. R. Civ. P. 56 relaxed the standard for evidence presented on summary judgment, Defendant has declined to oppose this objection and Defendant has not demonstrated that its exhibits can be authenticated.

Second, Defendant relies on facts purportedly admitted under Fed. R. Civ. P. 36(a)(3) because Plaintiff never responded to Defendant's requests for admission. Def.'s Summ. J. Mem. 13–15. In response, Plaintiff claims that Defendant "clearly did not proffer [the requests for admission] to plaintiff." Pl.'s Summ. J. Opp'n 5. Although the certificate of service attached to the requests for admissions, Def.'s First Set of Req.s for Admission 5, Def.'s Summ. J. Mot Ex. 4, creates a presumption that the requests were served, *see United States v. Wright*, 238 F. 3d 418, 2000 WL 1846349, at *3 (4th Cir. Dec. 18, 2000), Plaintiff has rebutted this presumption by claiming that service was never effected, *see* Pl.'s Summ. J. Opp'n 5. Defendant has not responded. Particularly in light of the fact that Plaintiff also claims to have served interrogatories that Defendant apparently never received, *see* Def.'s Summ. J. Mem. 13 n.4, there is simply not enough information in the record to find that Plaintiff should be sanctioned under Fed. R. Civ. P. 36(a)(3).

Finally, the crux of Defendant's argument is that Plaintiff cannot demonstrate causation-in-fact without an expert witness, Def.'s Summ. J. Mem. 6–10, which Plaintiff, based on her repeated failure after ample opportunity and warnings from this Court, has been barred from calling, *see* Amend. Mem. Op., ECF No. 31. However, Plaintiff now claims that she has "disclosed these [hybrid] witnesses to the defendant and the defendant has deposed the plaintiff's hybrid witnesses." Pl.'s Summ. J. Opp'n 6. If Defendant has already deposed Plaintiff's expert, Plaintiff's earlier lapses may have been made harmless. *See* Fed. R. Civ. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Because Defendant did not reply to Plaintiff's assertion that Plaintiff's expert has been deposed, I must accept the representation that such a deposition took place, which would prompt me to revisit the

prohibition of Plaintiff's expert testimony. Accordingly, I cannot find that Plaintiff would be unable to show that her injuries were caused by her fall from Defendant's train.

Plaintiff is able to defeat summary judgment by the narrowest of margins based on three conclusory arguments to which Defendant has declined to respond:

1) Plaintiff's unanswered objections to Defendant's documentary evidence;

2) Her unopposed claim that she never received requests for admission; and

3) Her unopposed claim that Defendant has now deposed Plaintiff's purported expert(s).

Accordingly, Defendant's Motion for Summary Judgment must be denied.

However, I am considering these issues based on incomplete briefing of this motion because Defendant has not filed a reply. It is possible that, once fully briefed, it will be shown there is no genuine dispute of material fact. Accordingly, Defendant is granted an additional fourteen days to file a reply in further support of its Motion for Summary Judgment and to renew its Motion.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment shall be DENIED. Defendant is granted an extension of time within which to file a reply in further support of Defendant's Motion for Summary Judgment together with a renewal of that Motion.

A separate order shall issue.

Dated: September 26, 2013                    /S/
                                             Paul W. Grimm
                                             United States District Judge